CHARLES BAKER, Plaintiff in Error, v. RICHARD BRADSBY et al., Defendants in Error.

ERROR TO ST. CLAIR.

Where an administrator *de bonis non* died after he obtained an order to sell real estate, his successor should perfect the sale; if his authority is doubted, or he needs advice, a court of equity, and not a court of law, is the proper resort.

PHILIP PENN, administrator *de bonis non* of William Baker, deceased, on the 17th March, 1847, filed his petition at law in the St. Clair Circuit Court, against Sarah Baker, widow of Wm. Baker, John Baker and others, as heirs-at-law of Wm. Baker and Richard Bradsby and Thornton Peoples.

Said petition alleges, that the debts of said estate exceed the amount of the personal estate, in the sum of $4,212.33. That said deceased died seized of the lands therein described. That one John Bradsby, former administrator *de bonis non* of said Wm. Baker, deceased, did, on the 18th day of July, 1846, in pursuance of an order previously obtained, sell said lands to said Richard Bradsby and Thornton Peoples, "and that said John Bradsby, without ever executing to said Richard Bradsby and Thornton Peoples, or either of them, a deed, or taking from them, or either of them, a note or mortgage, or without having made any intelligible memorandum of said sale, departed this life on the 4th day of September, 1846." The petitioner prays, in substance, that the court will direct him either to convey said lands to said Bradsby and Peoples, upon their presenting their notes, with good security, etc., or to sell again said lands, or so much thereof as may be necessary to pay debts.

Along with said petition was filed a notice, purporting to be given by said John Bradsby, administrator *de bonis non* as aforesaid, for the sale of said lands, on the 18th July, 1846.

The petitioner made proof of notice to defendants, of an *application to sell lands to pay debts*, by publication for three weeks successively, which was all the notice given.

The court adjudged or ordered, in substance, that the sale of lands made by said John Bradsby, since deceased, be confirmed, and that the petitioner convey the same to said Bradsby and Peoples, upon their giving bond, etc.

This cause was heard in the Second Grand Division, by agreement of parties.

J. BAKER, and W. H. UNDERWOOD, for Plaintiff in Error.

G. KŒRNER, for Defendants in Error.

CATON, C. J. This petition was filed on the law side of the Circuit Court, by a second administrator *de bonis non*, setting forth that his predecessor, who was administrator *de bonis non* of the estate of one Baker, had filed a petition for the sale of the real estate of his intestate, for the payment of debts. That an order for the sale of the estate was made, as asked in the petition ; that the property was accordingly sold, and that two of the defendants named in this petition became the purchasers of the estate for prices set forth in the petition ; but that before the securities were taken and the property conveyed as required to complete the sale, of which no memorandum in writing had been made, the administrator who made the sale had died, and the petitioner asks that he may be authorized to take the securities, and execute deeds to the purchasers, as the first administrator *de bonis non* should have done, or that he be authorized to re-sell the land for the payment of debts due from the estate.

Upon the hearing, the court decreed that the sales made by the first administrator *de bonis non* be confirmed, and that the petitioner execute deeds to the purchasers, upon their executing to him bonds and mortgages to secure the purchase money.

We are satisfied that the court had no jurisdiction to make this order. While an administrator *de bonis non* has an undoubted right to proceed with a proceeding for the sale of real estate, the same as any other business in the settlement of the estate, where it was left by his predecessor, the same as his predecessor could have done, were he still living and acting, it was not for the court to inquire and determine, at this stage of the proceeding, whether a sale had been actually made, as stated in the petition, and whether everything had been regular up to the time of the death of the administrator who made the sale. The heirs could not be brought into a court of law on this petition, to contest this point with the purchasers. If all had been conducted regularly, and the purchasers had not lost their rights to have the purchase completed, by any laches on their part, then it was the right and the duty of the petitioner to go on and complete the transaction, without any order of the court for that purpose. When this is done, the rights of the heirs are left open, to contest the validity and regularity of the proceeding. If an administrator *de bonis non* refuses to proceed and complete the sale begun or made by his predecessor, as is stated in this petition, the purchasers may no doubt file their bill in chancery, and compel him to do so ; or if the administrator *de bonis non* is at a loss to know whether a sale has been actually made, and what his duties in the premises are, he may apply to a court of chancery by bill in the nature of a bill of interpleader, making the alleged purchasers and the heirs, parties,

and asking the direction of the court in the premises, when the decree of the court would be binding and conclusive upon all the parties to it. But these are questions which should not be determined in a court of law, but are peculiarly within the jurisdiction of a court of equity.

The reversal of this order of the Circuit Court will not necessarily vitiate the deed which has been executed by the administrator *de bonis non*, for although the deed was executed in obedience to that order, he may have been authorized to execute it without the order, and if so, then the act was well done, although in obedience to an erroneous order. The validity of that deed must depend upon the regularity of the previous proceedings, and the rights of the purchasers under the alleged sale.

The order of the Circuit Court must be reversed.

*Order reversed.*